SIMMONS, JANNACE & STAGG, L.L.P.
Attorneys for Defendant
Chase Bank USA, N.A., s/h/a
J.P. Morgan Chase & Co.,
Chase Card Services and
Bank One
75 Jackson Avenue
Syosset, New York 11791-3139
(516) 357-8100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X    Docket No.:
LOUIS C. KIRVEN III                     08 CV 2068 (WCC)(MDF)
IYF SPORTS PRODUCTIONS, INC.,

       Plaintiffs,             **ANSWER WITH COUNTERCLAIM**

       -against-              **Conner, J.**
                                         **Fox, M.**
J.P. MORGAN CHASE & CO.,
CHASE CARD SERVICES and
BANK ONE,

       Defendants.
-----------------------------------X

       Defendant Chase Bank USA, N.A., s/h/a J.P. Morgan Chase & Co., Chase Card Services and Bank One ("Chase"), by its attorneys, Simmons, Jannace & Stagg, L.L.P., as and for its answer to the complaint of plaintiffs, responds as follows:

### PRELIMINARY STATEMENT

       1.   Denies the allegations contained in paragraph "1" of plaintiffs' complaint.

### PARTIES

       2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of plaintiffs' complaint.

3. Denies the allegations contained in paragraph "3" of plaintiffs' complaint.

### JURISDICTION AND VENUE

4. Denies the allegations contained in paragraph "4" of plaintiffs' complaint in the form alleged, and leaves questions of law to the court.

5. Denies the allegations contained in paragraph "5" of plaintiffs' complaint in the form alleged, and leaves questions of law to the court.

### FACTS

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiffs' complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiffs' complaint.

8. Denies the allegations contained in paragraph "8" of plaintiffs' complaint, except admits plaintiffs entered into a Cardmember Agreement with Chase's predecessor, Bank One, Delaware, N.A., with the referenced account number.

9. Denies the allegations contained in paragraph "9" of plaintiffs' complaint.

10. Denies the allegations contained in paragraph "10" of plaintiffs' complaint in the form alleged.

11. Denies the allegations contained in paragraph "11" of plaintiffs' complaint.

12. Denies the allegations contained in paragraph "12" of plaintiffs' complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiffs' complaint.

14. Denies the allegations contained in paragraph "14" of plaintiffs' complaint.

15. Denies the allegations contained in paragraph "15" of plaintiffs' complaint.

16. Denies the allegations contained in paragraph "16" of plaintiffs' complaint.

17. Denies the allegations contained in paragraph "17" of plaintiffs' complaint.

## CAUSES OF ACTION

18. Repeats and realleges the answers to paragraphs "1" through "17" as if fully set forth herein.

19. Denies the allegations contained in paragraph "19" of plaintiffs' complaint.

20. Denies the allegations contained in paragraph "20" of plaintiffs' complaint.

21. Denies the allegations contained in paragraph "21" of plaintiffs' complaint.

22. Denies plaintiffs are entitled to the relief requested in the "wherefore" clause.

**AS AND FOR A**
**<u>FIRST AFFIRMATIVE DEFENSE</u>**

23. Plaintiffs' complaint fails to state a cause of action.

**AS AND FOR A**
**<u>SECOND AFFIRMATIVE DEFENSE</u>**

24. If plaintiffs suffered damages as alleged, then plaintiffs failed to mitigate such damages.

**AS AND FOR A**
**<u>THIRD AFFIRMATIVE DEFENSE</u>**

25. The complaint is barred by the terms and conditions of the account agreement between plaintiffs and defendant.

**AS AND FOR A**
**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

26. Plaintiffs' complaint is barred for plaintiffs' failure to perform a condition precedent.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

27.   Plaintiffs' complaint is barred for plaintiffs' failure to perform.

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

28.   Plaintiffs are barred by the doctrine of failure of consideration.

**AS AND FOR A**
**SEVENTH AFFIRMATIVE DEFENSE**

29.   Upon information and belief, plaintiffs' claims are subject to mandatory arbitration.

**AS AND FOR AN**
**EIGHTH AFFIRMATIVE DEFENSE**

30.   Plaintiffs' defamation claims are barred to the extent that the allegedly defamatory statements alleged in the complaint are true.

**AS AND FOR AN**
**NINTH AFFIRMATIVE DEFENSE**

31.   Plaintiffs' defamation claims are barred since Chase is protected by a qualified privilege.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

32.  Plaintiffs' claims are pre-empted by federal law.

## AS AND FOR A
## FIRST COUNTERCLAIM
(Arbitration)

33.  Chase is a national banking association organized and existing pursuant to the laws of the United States of America, with its main office located in Newark, Delaware.

34.  Upon information and belief, plaintiffs and counter-defendants Louis C. Kirven III and IYF Sports Productions, Inc. reside in this District.

35.  In or about November 2002, plaintiffs entered into a revolving line of credit subject to a Cardmember Agreement with Chase.

36.  In or about April 2005, Chase mailed "Change in Terms" notices to its cardholders – including plaintiffs – enclosing an amendment to the Cardmember Agreement, which added a section entitled "Arbitration."  The enclosure was mailed with each cardholder's monthly statement.

37.  The Arbitration provision generally required arbitration of disputes between cardholders and Chase.

38. Chase's cardholders were given the opportunity to opt-out of the Arbitration provision by notifying Chase in writing and rejecting the change in terms within the time provided for in the change of terms.

39. Chase did not receive a written rejection of the Arbitration provision from plaintiffs.

40. The Change in Terms notice was not returned to Chase as undeliverable.

41. The Cardmember Agreement is expressly governed by Delaware law, and contained specific language allowing changes in its terms to be made by amendment.

42. Under Delaware law, the Cardmember Agreement was validly amended, with proper notice, to include an enforceable arbitration provision requiring arbitration of plaintiffs' purported dispute.

43. Plaintiffs received valid and adequate notice of and accepted the terms of the April 2005 Arbitration provision.

44. Thereafter, plaintiffs continued to use the credit card for purchases, cash advances and/or balance transfers.

45. Despite receiving benefits of the use of the Chase credit card, plaintiffs ceased making payments to satisfy the balance due in or about April 2007.

46. Pursuant to USC §§ 2, 3, 4 and 6, Chase is entitled to an Order compelling plaintiffs to arbitrate their claims.

WHEREFORE, Chase demands judgment:

    (1)  Dismissing the Complaint;

    (2)  Compelling plaintiffs to arbitrate their claims;

    (3)  Awarding Chase its costs and attorneys' fees; and

    (4)  Awarding Chase any further relief that the Court deems just and proper.

Dated:    Syosset, New York
          March 10, 2008

SIMMONS, JANNACE & STAGG, L.L.P.
Attorneys for Defendant
Chase Bank USA, N.A., s/h/a
J.P. Morgan Chase & Co.,
Chase Card Services and Bank One

By: /s/Debra L. Wabnik
    Debra L. Wabnik (dw-0944)
**Office & P.O. Address**
75 Jackson Avenue
Syosset, New York  11791-3139
(516) 357-8100

TO:  Louis C. KIRVEN III
     IYF SPORTS PRODUCTIONS, INC.
     Plaintiffs Pro Se
     **Address:**
     P.O. Box 136
     White Plains, New York 10605
     (914) 286-7408

answer ecf